# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 31, 2017

154492

Stephen J. Markman,
*Chief Justice*

Robert P. Young, Jr.
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
*Justices*

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

LEONARD WAYNE WESSON,
      Defendant-Appellee.

SC: 154492
COA: 326389
Wayne CC: 14-003866-FH

_____/

On order of the Court, the application for leave to appeal the August 2, 2016 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, C.J. (*concurring*).

Defendant was convicted of "larceny from the person of another." The victim had dropped his money clip on the ground at a casino, and defendant reached past another person's legs to pick up the clip while it was lying at the victim's feet. On appeal, the Court of Appeals held that because another individual was standing between defendant and the victim, defendant was not in the "immediate presence" of the victim, and the Court of Appeals therefore reversed defendant's conviction.

I respectfully believe the Court of Appeals erred. The controlling legal standard for this issue was established in *People v Smith-Anthony*, 494 Mich 669, 681-683 (2013). In that case, this Court said that in order to sustain a "larceny from the person" conviction, the property stolen must have been in the "immediate presence" of the victim. *Id.* In this case, the Court of Appeals majority concluded that, because "there was another person and object intervening between the victim and the defendant," the defendant was not in the victim's immediate presence and thus the evidence was legally insufficient. *People v Wesson*, unpublished opinion per curiam of the Court of Appeals, issued August 2, 2016 (Docket No. 326389), p 3. However, the relevant legal inquiry is whether "the *property* was in immediate proximity to the victim at the time of the

taking." *Smith-Anthony*, 494 Mich at 688 (emphasis added). Here, as noted by the Court of Appeals dissent, the majority erred by not "focusing on the location of the stolen property relative to the victim . . . ." *Wesson* (RIORDAN, J., dissenting), unpub op at 1. The *only* relevant legal inquiry under *Smith-Anthony* is the location of the property stolen in relation to the victim.

That said, I concur in the decision to deny leave to appeal. The trial court instructed the jury that to convict the defendant, the property stolen must have been within the victim's "immediate area of control or immediate presence." The trial court gave that instruction even though this Court expressly rejected the "immediate area of control" standard in *Smith-Anthony*. *Id.* at 682. Were we to reverse and remand to the Court of Appeals for consideration of defendant's allegation of instructional error, at most he would receive a new trial with a properly instructed jury. However, because defendant is already on parole, it is unlikely that the prosecutor would choose to reprosecute. In other words, regardless of whether we deny or reverse and remand, the ultimate outcome will in all likelihood be the same-- defendant will not be convicted of "larceny from the person." Therefore, while I believe the Court of Appeals clearly erred in its analysis, I concur in this Court's denial of leave to appeal.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 31, 2017

Clerk

t0228